Order Form (01/2005)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | William T. Hart | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 10 C 4685 | **DATE** | August 16, 2010 |
| **CASE TITLE** | Cordell Sanders (#R-41346) v. Randy Malkowski, et al. | | |

**DOCKET ENTRY TEXT:**

Plaintiff's motion for leave to file *in forma pauperis* [#3] is granted. The Court authorizes and orders the trust fund officer at Plaintiff's place of incarceration to deduct $5.60 from Plaintiff's account for payment to the Clerk of Court as an initial filing fee, and to continue making monthly deductions in accordance with this order. However, pursuant to 28 U.S.C. § 1915A, the Court dismisses the complaint. This case is terminated. Plaintiff remains responsible for the filing fee. The dismissal of this case counts as a strike under 28 U.S.C. § 1915(g).

■[For further details see text below.]  Docketing to mail notices.

## STATEMENT

Plaintiff has filed this cause of action pursuant to 28 U.S.C. § 1983, alleging that on December 18, 2008, he was held in a bull pen at Stateville Correctional Center for three hours and forty-five minutes, handcuffed in thirty-one degree weather. Plaintiff alleges that these were unconstitutional conditions of confinement under the Eighth Amendment and that his due process rights were violated because of the handcuffs.

Plaintiff's motion for leave to proceed *in forma pauperis* is granted. Pursuant to 28 U.S.C. § 1915(b)(1), Plaintiff is assessed an initial partial filing fee of $5.60. The inmate trust fund officer at Pontiac Correctional Center is authorized and ordered to collect, when funds exist, the partial filing fee from Plaintiff's trust fund account and pay it directly to the Clerk of Court. After payment of the initial partial filing fee, the trust fund officer at Plaintiff's place of confinement is directed to collect monthly payments from Plaintiff's trust fund account in an amount equal to 20% of the preceding month's income credited to the account. Monthly payments collected from Plaintiff's trust fund account shall be forwarded to the Clerk of Court each time the amount in the account exceeds $10 until the full $350 filing fee is paid. All payments shall be sent to the Clerk, United States District Court, 219 S. Dearborn St., Chicago, Illinois 60604, attn: Cashier's Desk, 20th Floor, and shall clearly identify Plaintiff's name and the case number assigned to this action. The Pontiac Correctional Center inmate trust account office shall notify transferee authorities of any outstanding balance in the event Plaintiff is transferred from the jail to another correctional facility.

Under 28 U.S.C. § 1915(e)(2), the Court is required to dismiss a suit brought *in forma pauperis* at any time if the Court determines that it is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. Here, even accepting Plaintiff's factual allegations as true, the Court finds that the complaint fails to state a federal claim as a matter of law.
**(CONTINUED)**

AWL

Plaintiff alleges that he was kept in a bullpen at Stateville for, at most, three hours and forty-five minutes wearing a short sleeved jumpsuit, an under shirt and underwear. He further alleges that the bullpen was located in an uninsulated hallway, that there was a heater in the hallway, and that there was a door to the outside that was left open exposing Plaintiff to cold air. Plaintiff alleges that it was thirty-one degrees and snowing outside. He also alleges that he was handcuffed and shackled for the period of time he was held in the bullpen.

Prison conditions may be harsh and uncomfortable without violating the Eighth Amendment's prohibition against cruel and unusual punishment. *Farmer v. Brennan*, 511 U.S. 825, 114 S. Ct. 1970, 1977, 128 L. Ed. 2d 811 (1994). Prisoners are, however, entitled to "the minimal civilized measure of life's necessities," including adequate shelter. *Id*. For this reason, prisoners have a right to protection from extreme cold. *Antonelli v. Sheahan*, 81 F.3d 1422, 1433 (7th Cir. 1996); *Murphy v. Walker*, 51 F.3d 714, 720-21 (7th Cir. 1995); *see also Dixon v. Godinez*, 127 F.3d 640, 643 (7th Cir. 1997). In cases implicating the cruel and unusual punishment clause of the Eighth Amendment, the court must take into account the duration of the condition in determining whether it is unconstitutional *Antonelli* at 1431. Courts have held that seventeen hours of outdoor confinement with no shelter, jacket, blanket, or source of heat, along with lack of a bathroom constituted a denial of the minimal civilized measure of life's necessities, and therefore found a violation of the Eighth Amendment. *See Palmer v. Johnson*, 193 F.3d 346, 354 (5th Cir. 1999). However, in the present case, Plaintiff was inside, not exposed to the elements, with a heater down the hall, and for only a fraction of the time. Consequently, the conditions complained of do not rise to the level of a constitutional violation. *See Tapp v. Taylor*, (No. 05 C 1442) 2009 U.S. Dist. LEXIS 69429 *13 (N.D. N.Y. July 16, 2009).

Likewise, Plaintiff's allegations that he was handcuffed and shackled for three hours and forty-five minutes fails to state a claim. *See Cunningham v. Eyman*, 17 Fed. Appx. 449, 454 (7th Cir. 2001) *citing Key v. McKinney* 176 F.3d 1083, 1086 (8th Cir. 1999). In *Cunningham* the plaintiff was handcuffed and shackled for sixteen hours and forced to wear soiled clothing for four to five hours. Though Plaintiff's claims sound unpleasant, they were temporary, and certainly not of sufficient severity to implicate the Eighth Amendment. Plaintiff indicates that he had a floating piece of glass under his skin which caused him pain because of the handcuffs. He does not, however, indicate that any of the Defendants knew of this piece of glass, or that he suffered any injury due to the cuffs coming in contact with the piece of glass. Because Plaintiff pleads no subjective knowledge of his preexisting condition (glass under the skin of his wrist), he has failed to state a cause of action for deliberate indifference. *Wilson v. Seiter*, 501 U.S. 294, 301-304, 115 L.Ed.2d 271, 111 S.Ct. 2321 (1991).

This suit is accordingly dismissed for failure to state a claim upon which relief may be granted. Plaintiff is warned that if a prisoner has had a total of three federal cases or appeals dismissed as frivolous, malicious, or failing to state a claim, he may not file suit in federal court without prepaying the filing fee unless he is in imminent danger of serious physical injury. 28 U.S.C. § 1915(g).

If Plaintiff wishes to appeal this dismissal, he may file a notice of appeal with this Court within thirty days of the entry of judgment. FED. R. APP. P. 4(a)(4). A motion for leave to appeal *in forma pauperis* should set forth the issues Plaintiff plans to present on appeal. *See* FED. R. APP. P. 24(a)(1)(C). If Plaintiff does choose to appeal, he will be liable for the $455 appellate filing fee irrespective of the outcome of the appeal. *Evans v. Illinois Dept. of Corrections*, 150 F.3d 810, 812 (7th Cir. 1998). Furthermore, if the appeal is found to be non-meritorious, Plaintiff may also accumulate another "strike" under 28 U.S.C. § 1915(g).